IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 OCT -7 PM 2:52
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ OS
       DEPUTY

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | JURY DEMANDED |
| ORACLE CORPORATION, | § | A13CV0895 SS |
| | § | |
| Defendant. | § | |

**PLAINTIFF CROSSROADS SYSTEMS, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1.      Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.      Upon information and belief, Defendant Oracle Corporation ("Defendant") is a Delaware corporation with a principal place of business of 500 Oracle Parkway, Redwood City, CA 94065.

**JURISDICTION AND VENUE**

3.      This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant Oracle has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

1

5. This Court has personal jurisdiction over Oracle. Upon information and belief, Oracle regularly conducts business in the State of Texas and in this judicial district and is subject to the jurisdiction of this Court. Upon information and belief, Oracle has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, including, but not limited to, products that practice the subject matter claimed in the Patents-In-Suit, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

### COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

6. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

7. On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent. The '035 Patent is entitled to a presumption of validity.

8. On information and belief, Defendant has directly infringed the '035 Patent. On information and belief, Defendant continues to directly infringe the '035 Patent.

9. Specifically, on information and belief, Defendant has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of its products including at least the following: Sun ZFS Storage 7120 Appliance, Sun ZFS Storage 7320 Appliance, Sun ZFS Storage 7420 Appliance, Oracle Servers with Solaris with SCSI Target Mode Framework, Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with iSCSI SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, Pillar Axiom 600 with iSCSI

SAN Slammer, Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Oracle Sun Storage 2540-M2 Array.

10.     Further, on information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement of the '035 Patent with knowledge of the '035 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain of its products, including the Sun ZFS Storage 7120 Appliance, Sun ZFS Storage 7320 Appliance, Sun ZFS Storage 7420 Appliance, Oracle Servers with Solaris with SCSI Target Mode Framework, Oracle Solaris with SCSI Target Mode Framework, Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with iSCSI SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, Pillar Axiom 600 with iSCSI SAN Slammer, Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Oracle Sun Storage 2540-M2 Array, and Defendant knew that its actions were inducing end users to infringe the '035 Patent.

11.     Further, on information and belief, Defendant has been and now is indirectly infringing by way of contributing to the infringement by end users of the '035 Patent by selling, offering to sell and/or importing into the United States components, including the Sun ZFS Storage 7120 Appliance, Sun ZFS Storage 7320 Appliance, Sun ZFS Storage 7420 Appliance, Oracle Servers with Solaris with SCSI Target Mode Framework, Oracle Solaris with SCSI Target Mode Framework, Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with iSCSI SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, Pillar Axiom 600 with iSCSI SAN Slammer, Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Oracle Sun Storage

2540-M2 Array, knowing the components to be especially made or especially adapted for use in the infringement of the '035 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

12. Defendant has been on constructive and/or actual notice of the '035 Patent since at least as early as November 2009, and Defendant has not ceased its infringing activities. The infringement of the '035 Patent by Defendant has been and continues to be willful and deliberate.

13. Crossroads has been irreparably harmed by Defendant's acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court.

14. As a result of the acts of infringement of the '035 Patent by Defendant, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,934,041

15. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

16. On April 26, 2011, United States Patent No. 7,934,041 (the "'041 Patent") was duly and legally issued. A true and correct copy of the '041 Patent is attached hereto as Exhibit B. Crossroads is the assignee and the owner of all right, title, and interest in and to the '041 Patent. The '041 Patent is entitled to a presumption of validity.

17. On information and belief, Defendant has directly infringed the '041 Patent. On information and belief, Defendant continues to directly infringe the '041 Patent.

18. Specifically, on information and belief, Defendant has directly infringed the '041 Patent by making, using, offering for sale, selling and/or importing into the United States certain of its products including at least the following: Sun ZFS Storage 7120 Appliance, Sun ZFS

4

Storage 7320 Appliance, Sun ZFS Storage 7420 Appliance, Oracle Servers with Solaris with SCSI Target Mode Framework, Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with iSCSI SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, Pillar Axiom 600 with iSCSI SAN Slammer, Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Oracle Sun Storage 2540-M2 Array.

19. Further, upon information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement of the '041 Patent with knowledge of the '041 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain of its products, including the Sun ZFS Storage 7120 Appliance, Sun ZFS Storage 7320 Appliance, Sun ZFS Storage 7420 Appliance, Oracle Servers with Solaris with SCSI Target Mode Framework, Oracle Solaris with SCSI Target Mode Framework, Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with iSCSI SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, Pillar Axiom 600 with iSCSI SAN Slammer, Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Oracle Sun Storage 2540-M2 Array, and Defendant knew that its actions were inducing end users to infringe the '041 Patent.

20. Further, upon information and belief, Defendant has been and now is indirectly infringing by way of contributing to the infringement by end users of the '041 Patent by selling, offering to sell and/or importing into the United States components, including the Sun ZFS Storage 7120 Appliance, Sun ZFS Storage 7320 Appliance, Sun ZFS Storage 7420 Appliance, Oracle Servers with Solaris with SCSI Target Mode Framework, Oracle Solaris with SCSI

Target Mode Framework, Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with iSCSI SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, Pillar Axiom 600 with iSCSI SAN Slammer, Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Oracle Sun Storage 2540-M2 Array, knowing the components to be especially made or especially adapted for use in the infringement of the '041 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

21. Defendant has been on constructive and/or actual notice of the '041 Patent since at least as early as May 2011, and Defendant has not ceased its infringing activities. The infringement of the '041 Patent by Defendant has been and continues to be willful and deliberate.

22. Crossroads has been irreparably harmed by Defendant's acts of infringement of the '041 Patent, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court.

23. As a result of the acts of infringement of the '041 Patent by Defendant, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

### COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,051,147

24. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

25. On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued. A true and correct copy of the '147 Patent is attached hereto as Exhibit C. Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent. The '147 Patent is entitled to a presumption of validity.

26. On information and belief, Defendant has directly infringed the '147 Patent. On information and belief, Defendant continues to directly infringe the '147 Patent.

27. Specifically, on information and belief, Defendant has directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain of its products including at least the following: Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, and the Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer.

28. Further, on information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement of the '147 Patent with knowledge of the '147 Patent by making, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction and/or advertising certain of its products, including the Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, and the Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, and Defendant knew that its actions were inducing end users to infringe the '147 Patent.

29. Further, on information and belief, Defendant has been and now is indirectly infringing by way of contributing to the infringement by end users of the '147 Patent by selling, offering to sell and/or importing into the United States components, including the Pillar Axiom 300 with Fibre Channel SAN Slammer, Pillar Axiom 300 with Combination FC/iSCSI SAN Slammer, Pillar Axiom 600 with Fibre Channel SAN Slammer, and the Pillar Axiom 600 with Combination FC/iSCSI SAN Slammer, knowing the components to be especially made or

especially adapted for use in the infringement of the '147 Patent. Such components are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

30. Defendant has been on constructive and/or actual notice of the '147 Patent since at least as early as November 2009, and Defendant has not ceased its infringing activities. The infringement of the '147 Patent by Defendant has been and continues to be willful and deliberate.

31. Crossroads has been irreparably harmed by Defendant's acts of infringement of the '147 Patent, and will continue to be harmed unless and until Defendant's acts of infringement are enjoined and restrained by order of this Court.

32. As a result of the acts of infringement of the '147 Patent by Defendant, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

    A.    That Defendant has infringed the '035 Patent;

    B.    That such infringement of the '035 Patent by Defendant has been willful;

    C.    That Defendant accounts for and pays to Crossroads all damages caused by the infringement of the '035 Patent;

    D.    That Crossroads receive enhanced damages from Defendant in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the '035 Patent;

    E.    That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '035 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

F. That Defendant has infringed the '041 Patent;

G. That such infringement of the '041 Patent by Defendant has been willful;

H. That Defendant accounts for and pays to Crossroads all damages caused by the infringement of the '041 Patent;

I. That Crossroads receive enhanced damages from Defendant in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the '041 Patent;

J. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '041 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K. That Defendant has infringed the '147 Patent;

L. That such infringement of the '147 Patent by Defendant has been willful;

M. That Defendant accounts for and pays to Crossroads all damages caused by the infringement of the '147 Patent;

N. That Crossroads receive enhanced damages from Defendant in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the '147 Patent;

O. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

P. That Defendant pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses;

Q. That costs be awarded to Crossroads;

R. That Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be preliminary and permanently enjoined from further infringement of the '035 Patent;

S. That Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be preliminary and permanently enjoined from further infringement of the '041 Patent;

T. That Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it, be preliminary and permanently enjoined from further infringement of the '147 Patent;

U. That this is an exceptional case under 35 U.S.C. § 285; and

V. That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Crossroads hereby demands a trial by jury on all issues.

Dated: October 7, 2013

Respectfully submitted,

By: /s/ Elizabeth Brown Fore
Steven Sprinkle
Texas Bar No. 00794962
Elizabeth J. Brown Fore
Texas Bar No. 24001795
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: 512-637-9220
Fax: 512-371-9088
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com

Susan K. Knoll
Texas Bar No. 11616900
Russell R. Wong
Texas Bar No. 21884235
James H. Hall
Texas Bar No. 24041040
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Suite 600
Houston, TX 77070
Tel: 832-446-2400
Fax: 832-446-2424
sknoll@counselip.com
rwong@counselip.com
jhall@counselip.com

*ATTORNEYS FOR PLAINTIFF
CROSSROADS SYSTEMS, INC.*